IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOSEPH RUPPERT, as trustee of and on behalf of FAIRMOUNT PARK, INC. RETIREMENT SAVINGS PLAN, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE CO.,<br><br>Defendant. | No. 4:07-cv-00344-JAJ-TJS<br><br><br><br><br><br>**ORDER** |

This matter comes before the Court pursuant to Plaintiff Joseph Ruppert's ("Ruppert") April 30, 2010, motion for partial reconsideration of the Court's 2008 order denying class certification. [Dkt. No. 209.] Defendant Principal Life Insurance Co.'s ("Principal") then filed a motion to strike Ruppert's motion for partial reconsideration [Dkt. No. 214] and the Court construes this motion to strike as a response to Ruppert's motion for partial reconsideration. Ruppert thereafter responded to Principal's motion to strike on May 28, 2010, and Principal replied on June 3, 2010. [Dkt. Nos. 216 & 217.] The Court denies Ruppert's motion for partial reconsideration and denies as moot Principal's motion to strike.

In this case, Ruppert claims that Principal breached its fiduciary duties by failing to disclose (or to inadequately disclose) its revenue sharing fees and practices pursuant to ERISA. Ruppert also claims that Principal engaged in prohibited transactions as a result of making these revenue sharing payments. There were two types of mutual funds at issue in Ruppert's complaint: "Access Funds" are registered with the Security Exchange Commission ("SEC"), and "Foundation Options," which are not SEC registered. The Foundation Options are essentially non-SEC registered "affiliate funds" that are managed

1

directly by Principal. This is in contrast to the "Access Funds," which are "non-affiliate funds" that are investments made in SEC registered mutual funds. In an order dated November 5, 2009, the Court granted Principal's motion for judgment on the pleadings in its entirety as to the two types of mutual funds— Access Funds and Foundation Funds—for the breach of fiduciary duty and prohibited transaction claims. [Dkt. No. 183.] On March 31, 2010, the Court revived Ruppert's breach of fiduciary duty and prohibited transaction claims relating to the Foundation Option funds, in light of the Eighth Circuit's recent ruling in *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009). [Dkt. No. 205.]

Ruppert asserts in his motion to partially reconsider the Court's 2008 class certification order that it is a timely request and that the Foundation Options claims meet the class requirements of commonality and typicality. Ruppert asserts that a "change in controlling law warrants reconsideration of earlier rulings," citing the Eighth Circuit's findings as to revenue sharing in *Braden*. Principal argues that Ruppert's motion for reconsideration should be stricken because it conflicts with the Court's order prohibiting future class certification motions and there has not been an intervening change in controlling law. Further, that Ruppert's asserted theories for justifying timeliness of this current motion do not have merit.

## I. Procedural History

Ruppert originally filed a motion for class certification on April 21, 2008, which the Court denied on August 27, 2008. After the Eighth Circuit denied his petition for interlocutory appeal pursuant to Rule 23(f) on October 28, 2008, Ruppert made an oral motion for class certification at a scheduling conference on March 12, 2009. Magistrate Judge Shields granted this oral motion on April 8, 2009, with Ruppert subsequently filing a second motion for class certification for plans limited to investment in Foundation Option

funds on May 11, 2009. Principal responded to the Magistrate Judge's order by filing an objection on April 23, 2009.

The next development in this matter came when the Court granted Principal's motion for judgment on the pleadings as to Counts I and II[1] of the complaint on November 5, 2009. For a five-month period, this order eliminated Ruppert's ability to file any class based on Counts I and II. However, following the Eighth Circuit's decision in *Braden*, Ruppert moved for partial reconsideration as to the Foundation Option funds. The Court granted this motion on March 31, 2010. ["Foundation Options order"] Simultaneously, the Court issued an order sustaining Principal's objections to the Magistrate's order allowing Ruppert to file a second motion for class certification limited to Foundation Option funds. ["Class Denial order"]

The Court found in the Class Denial order that Ruppert had not demonstrated good cause to amend the scheduling order. The Court concluded that the May 2009 motion was untimely. Now, Ruppert asks the Court to reconsider its 2008 order denying class certification in light of the Foundation Options order reinstating Counts I and II for the Foundation Options funds. Ruppert also seeks reconsideration based upon the float interest income, now Count V of the Second Amended Complaint, but this request is moot as the Court granted summary judgment on that claim on May 27, 2010. [Dkt. No. 215.]

## II. ARGUMENTS

In Ruppert's motion for partial reconsideration, he asserts that his motion is both timely and demonstrates Rule 23(a) requirements of commonality and typicality. The Court looks first to Ruppert's arguments as to timeliness because the Court must find the motion is timely before analyzing the merits of the proposed class.

First, Ruppert asserts that this motion is timely because it is based on the

---

[1]These are now Counts I-IV in the Second Amended Complaint.

Foundation Options order reinstating the breach of fiduciary duty and prohibited transactions counts related to the Foundation Option funds. Ruppert claims that only thirty days have expired since the Court's March 31, 2010 order that reinstated the Foundation Options funds claims. Ruppert acknowledges that "[p]rior to the Court's entry of judgment on the pleadings last November, a motion for reconsideration would have constituted an attempt to reargue Plaintiff's 2008 motion for class certification." But Ruppert distinguishes this motion to reconsider from his second motion for class certification. He asserts that this motion for reconsideration could not have been filed before the Foundation Options order because it is related to the impact of *Braden* for the reinstatement of the Foundation Options funds. Likewise, the Eighth Circuit's decision in *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009), provided the catalyst for Ruppert to renew his claims as to the Foundation Options funds. Ruppert impliedly concedes that his second motion for class certification was not based on new information. But Ruppert asserts there has been an intervening change in the law, because

> [n]ow, however, Plaintiff presents those same questions as to the Court for reconsideration in light of the Court's November 2009 "plan assets" analysis coupled with the Court's March 31 ruling that *Braden* required the reinstatement of Plaintiffs' claims with respect to the Foundation Options. The Court's March 31 ruling and the Eighth Cricuit's decision in *Braden* are the kind of "subsequent developments in the litigation" the Supreme Court has recognized can warrant reconsideration of a class certification ruling[.]

Ruppert asserts that this motion is timely because *Braden* is a subsequent development in the law. *Braden* has changed the law regarding fiduciary status for ERISA plan providers since the Court's first denial of the class certification. Ruppert argues *Braden* held that a court does not need to undertake a plan-by-plan analysis to determine fiduciary status, and it was for this very reason that this Court denied the class certification in August of 2008. Therefore, Ruppert urges the Court to reconsider its analysis of a class

4

based upon the Foundation Options and to incorporate post-*Braden* developments in fiduciary status of plan providers, like Principal.

Principal disagrees that the motion is timely. Principal asserts that the Court should strike Ruppert's motion seeking reconsideration of the Court's August 2008 order denying class certification. Principal suggests that the relevant procedural history concerning class certification supports its argument that a motion to strike is an appropriate response to Ruppert's reconsideration motion. Principal asserts that the Court's orders filed March 31, 2010, had the dual effect of "terminat[ing] all briefing on Plaintiff's motion for class certification directed at the Foundation Options" as untimely and "gave no indication that Plaintiff could pursue those claims on anything other than an individual basis." Principal continues that Ruppert has merely camouflaged his intention of filing another motion for class certification as a motion to reconsider the Court's August 2008 order. For example, Ruppert's 2009 motion for class certification and the present 2010 motion to reconsider class certification are allegedly "substantively almost identical". Furthermore, Principal suggests that if the Court found that the 2009 motion for class certification was untimely, then the Court should necessarily find that this motion to reconsider the 2008 order denying class certification is also untimely.

Principal also briefly addresses Ruppert's bases for reconsideration and urges the Court to disregard them as meritless. Ruppert first claims that his motion to reconsider only became viable on or after March 31, 2010, the date of the Court's granting reconsideration of the Foundation Option funds. Principal refutes this assertion by pointing out that Ruppert could have immediately filed a motion to reconsider class certification with respect to the Foundation Option funds after the Court's order denying class certification in 2008. At this point in 2008, Counts I and II were still viable because Principal had not yet moved for—and been granted—judgment on the pleadings. Principal similarly criticizes the idea that a motion to reconsider was only practicable after the

*Braden* decision as *Braden* did not change class certification standards. Lastly, Principal defends its motion to strike as a more appropriate and efficient stylization of a response to Ruppert's motion for reconsideration. Principal explains that,

> [i]n the Class Certification Prohibition Order, the Court held that there would be no further briefing on class certification, and as a result, Principal Life was not required to file any response to Plaintiff's second motion for class certification. However, by labeling his third attempt to seek class certification as a "motion for reconsideration," Plaintiff is unilaterally circumventing this Court's Class Certification Prohibition Order, and essentially <u>forcing</u> Principal Life to brief the motion for class certification (and without any leave of court to do so). Under these circumstances, Principal Life submits that Plaintiff's motion for reconsideration (Doc. 209) should be stricken, rather than requiring Principal Life to file a full-blown response.

In sum, Principal asserts that after the Court denied Ruppert's request for class certification in August 2008, that Ruppert made the strategic choice not to refile a class certification request for just the Foundation Options funds. Principal urges the Court to prevent Ruppert from getting a "second bite at the apple" at so late a stage in the proceedings.

### III. ANALYSIS OF RULE 60(C)

There is no basis for a motion to reconsider in the Federal Rules of Civil Procedure. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Federal courts typically construe a motion to reconsider as arising under Rule 59(e), as a motion to alter or amend a judgment, or pursuant to Rule 60(b), as relief from judgment for mistake or other reason. *Id.* Rule 59(e) gives litigants ten days to file a motion to reconsider. Fed. R. Civ. P. 59(e). The Court cannot extend that time limit. FED. R. CIV. P. 6(b)(2); *Townsend v. Terminal Packaging Co.*, 853 F.2d 623, 624 (8th Cir. 1988). The failure to file a timely

6

motion "eliminates [Rule 59] as the basis for the district court's action." *Spangle v. Ming Tah Elec. Co.*, 886 F.2d 1002, 1003 (8th Cir. 1989).

An alternative is to bring a motion pursuant to Rule 60(b). As Ruppert cannot satisfy Rule 59 because his motion is well beyond the period of time to file a motion to reconsider, the Court considers Ruppert's motion for partial reconsideration based upon Rule 60. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (noting that a motion for reconsideration not directed at a final judgment is a motion under Rule 60(b)).

A district court has the "power to establish reasonable times for the filing of documents, and if those deadlines [a]re not met, the court ha[s] the discretion to dismiss all or part of the suit." *Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (citing *Burkhalter v. Montgomery Ward & Co.*, 676 F.2d 291, 294 (8th Cir. 1982)). A motion to certify class or to reconsider an order denying a class is a dispositive motion. L.R. 7(l). The Court has the power and discretion to deny dispositive motions if there is no credible reason for a delay in filing. *Hall v. Bio-Med. App.,Inc.*, 671 F.2d 300, 302–03 (8th Cir. 1982) (no abuse of discretion to strike class allegations for plaintiffs' failure to comply with local rule requiring class certification motion within ninety days after case is filed).

The Court finds that Ruppert cannot be granted relief under Rule 60(b) for two fundamental reasons. First, he has not identified any appropriate grounds for relief under that Rule, and second, his request is untimely.

### A. Relief for "Exceptional Circumstances"

Rule 60(b) authorizes relief for certain circumstances but does not provide for reargument on the merits. *Spangle*, 886 F.2d at 1003. The Eighth Circuit has held that,

> [m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly

7

> discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence . . . . The nonmovant has an affirmative duty to come forward to meet a properly supported motion . . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation and quotation omitted).

A party may seek relief from a judgment or order pursuant to Rule 60(b) for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A district court has broad discretion in determining whether to award relief under Rule 60(b). *See Middleton v. McDonald*, 388 F.3d 614, 616 (8th Cir. 2004).

Ruppert has not cited any particular subsection of Rule 60(b) as the basis for his current request, and there is nothing in his motion papers which suggests that any of those subsections are applicable here. Ruppert has not cited any "mistake, inadvertence, surprise, or excusable neglect" that could warrant relief under (b)(1); he has not cited any newly discovered evidence that could warrant relief under (b)(2); he has not alleged any fraud or misconduct by Principal that could warrant relief under (b)(3); he has not suggested that the 2008 prior order denying class certification was "void" for any reason pursuant to (b)(4); and he has not shown that there have been any developments that would

8

warrant relief under (b)(5). Thus, (b)(6), or the "catchall" provision, provides the only possible basis for granting Ruppert relief from the order that denied class certification.

The Supreme Court has held that a "movant seeking relief under Rule 60(b)(6) . . . [must] show extraordinary circumstances". *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). Granting a motion to reconsider is an "extraordinary remedy". *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999); *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (citing *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam). "If [a court] were to revisit factual findings without some showing of exceptional circumstances, then Rule 60(b)(6) would be nothing more than an end-run around the entire judicial process." *Watkins v. Lundell*, 169 F.3d 540, 545 (8th Cir. 1999). Ruppert has failed to identify any "extraordinary circumstances" that could warrant relief under Rule 60(b)(6) here.

Ruppert argues that *Braden* has changed the controlling law regarding fiduciary duties. But the Court finds that *Braden* has not created an "extraordinary circumstance" justifying relief for Ruppert. Ruppert's motion to reconsider and his second motion for class certification bear remarkable resemblance to each other, and Ruppert even illustrates to the Court how his pleadings differ. For example, his definition of the Foundation Options funds class in his motion to reconsider has only changed slightly from the original definition:[2]

> All trustees and plan sponsors of (and on behalf of) 401(k) retirement plans governed by the Employee Retirement Income Security Act of 1974 (ERISA) to which Principal Life Insurance Company provided services and ~~which included investment options from which Principal Life Insurance Company received revenue sharing payments~~ that were

---

[2]The proposed class definition in his second motion to certify a class: The Foundation Options Revenue Sharing Class consists of all trustees and plan sponsors of on behalf of 401(k) retirement plans governed by the Employee Retirement Income Security Act of 1974 (ERISA) which invested in the Principal Life Insurance Company's Foundation Options investment options.

9

invested in Principal's Foundation Options.

Ruppert attempts to explain how *Braden* and the Foundation Options order breathe new life into his ability to file a motion to certify class. But the Court fails to find that same distinction between Ruppert's before-and-after *Braden* arguments. *Braden* did supplement Eighth Circuit law as to how courts should analyze breaches of fiduciary duty at the motion to dismiss stage. But this is not an "exceptional circumstance" that should cause the Court to reconsider the proposed class. The Court finds that Ruppert cannot demonstrate an "extraordinary circumstance" such that it is proper to grant a motion to reconsider.

*B. Reasonable Time Requirement for Relief*

Moreover, it is now markedly too late to grant Ruppert relief under Rule 60(b)(6). Requests for relief under Rule 60(b)(6) must be "made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). A movant's lack of diligence can detract from the extraordinariness of the circumstance. *Gonzalez*, 545 U.S. at 537–38. The order that Ruppert seeks to vacate was entered in August 2008, and Ruppert has failed to offer a satisfactory explanation to the Court as to why he waited almost two years before seeking reconsideration of that order.

The Court must look to the "particular facts of the case in question" to determine if the motion has been filed within a reasonable time. *Watkins*, 169 F.3d at 544. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (whether the timing of the motion is reasonable "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."); *PRC Harris v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (in order to determine whether a Rule 60(b)(6) motion was filed within a reasonable time, the court should "scrutinize the particular circumstances of the

case, and balance the interest of finality with the reasons for delay.").

Here, approximately twenty months have elapsed from the Court's denial of the August 2008 class certification order and Ruppert's request to reconsider that order. Ruppert asserts that the Court should instead consider the time period from March 31, 2010, because that is when the Court reinstated the Foundation Options funds claims. From this alternate date, the motion to reconsider would be timely because less than one month passed before Ruppert filed the motion. However, the Court will not consider the time only between March 31, 2010, and April 30, 2010, because that would be misleading and would misrepresent the issues that Ruppert is truly asking the Court to reconsider. Ruppert asks the Court to certify a class based on a definition that *Braden* does not influence.

The Court looks anew at the timeline of events related to Ruppert's first motion to certify a class in order to determine if the particular facts of this case warrant reconsideration. After the Court denied the motion on August 27, 2008, Ruppert could have filed a motion to reconsider the class certification order up until the Court granted Principal's motion for judgment on the pleadings on both the Access Funds and Foundation Options funds in November 2009. There was no impediment to Ruppert's attempts to file a motion to reconsider a class based only on the Foundation Options funds from August 2008 to November 2009. For example, the Eighth Circuit's denial of Ruppert's appeal from the August 2008 order did not prevent Ruppert from filing a motion to reconsider or a second motion to certify a class. Ruppert is correct that he could not file a motion from November 2009, until March 2010 (only as to the Access Funds and Foundation Options accounts), until the Court reinstated the Foundation Options funds claims. But the Court notes that Ruppert was also not, during this five-month period, constrained from submitting a motion to certify a new class based on Principal's retention of the float interest income for Foundation Options funds.

11

It would be contradictory for the Court to find a motion filed in April 2010 as timely, when the Court has already ruled that a near-identical motion filed in May 2009 was not timely. Nearly a year has passed since the second motion. The Court was explicit in its findings in the Class Denial order that Ruppert did not demonstrate good cause to amend the scheduling order, and thereby rejected the request to certify a class. District courts have discretion to refuse to modify deadlines for dispositive motions. The Court was well aware what the two March 31, 2010 orders meant when read together: Ruppert could proceed on his claims as to the Foundation Options funds only on an individual basis.

The Court recognizes the delay and considerable cost the issue of class certification has wrought on the parties. The complexity of this case is indisputable, but Ruppert's twenty-month delay in filing a motion to reconsider is also unreasonable. *Jones*, 512 F.3d at 1049–50 (finding thirty-three month delay unreasonable); *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) (finding a three-year delay was unreasonable). *United States v. Green*, 348 Fed. Appx. 917, 918–19 (5th Cir. 2009) (motion for reconsideration filed eighteen months after entry of final judgment is unreasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (upholding district-court determination that unexplained one-year delay between judgment and Rule 60(b) motion was unreasonable); *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a Rule 60(b)(6) motion was not filed within a reasonable time when it was filed nearly two years after the entry of the judgment sought to be reopened); *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (six years is unreasonable); *Strickland v. Sullivan*, 2010 WL 530157, at *2 (E.D. Cal. Feb. 9, 2010) ("Plaintiff has not alleged any facts or circumstances that his motion, filed more than 17 months after judgment was rendered in this case, was made within a reasonable time."); *Hayes v. United States*, 2009 WL 425918, at *1 (E.D. Mo. Feb. 19, 2009) (a delay for filing a motion to reconsider of

two years and ten months is unreasonable), *but see In re Pacific Far East Lines*, 889 F.2d 242 (9th Cir. 1989) (eighteen months not untimely nor unreasonable under the circumstances); *Menier v. United States*, 405 F.2d 245 (5th Cir. 1968) (two years not unreasonable).

The Court finds that Ruppert unreasonably delayed from filing his motion for reconsideration of the 2008 order denying class certification. Because the Court denies Ruppert's motion for partial reconsideration pursuant to timeliness of the motion and the failure to show "extraordinary circumstances," the Court need not decide whether the class Ruppert proposes now meets the Federal Rule of Civil Procedure 23(a) requirements of commonality and typicality. The Court further finds that oral argument is not necessary.

Upon the foregoing,

**IT IS ORDERED**

Plaintiff Ruppert's Motion for Partial Reconsideration of the Court's 2008 Order Denying Class Certification [Dkt. No. 209] is DENIED.

**IT IS FURTHER ORDERED**

That in light of the Court's ruling on Plaintiff Ruppert's Motion for Reconsideration, Defendant Principal Life Insurance Co.'s Motion to Strike [Dkt. No. 214] is DENIED, as moot.

**DATED** this 8th day of June, 2010.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA